NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLWIDE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL HOSPITALITY GROUP, LLC, a Delaware Limited Liability Company; and Mike B. Barry, an individual,<br><br>Defendants. | Civil Action No. 2:12-cv-05028 (CCC)(JAD)<br><br>REPORT AND RECOMMENDATION |

DICKSON, U.S.M.J.

This matter comes before the Court upon motion by defendants Royalty Hospitality Group, LLC ("Royal Hospitality") and Mike B. Barry ("Barry") (collectively, the "Defendants") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendants' motion to dismiss be **denied**.

I. BACKGROUND.

The underlying dispute in this matter involves a breach of the license agreement executed between plaintiff Days Inns Worldwide, Inc. ("Plaintiff") and Defendants. Plaintiff is a Delaware corporation with its principal place of business located in Parsippany, New Jersey. (Compl. ¶ 1, ECF No. 1). Defendant Royalty Hospitality is a Delaware limited liability company

with its principal place of business located in Pacific Palisades, California. (Compl. ¶ 2, ECF No. 1). Defendant Barry is a citizen of California. (Compl. ¶ 3, ECF No. 1).

On November 16, 2005, Royal Hospitality entered into a license agreement (the "License Agreement") with Plaintiff for the operation of a Days Inn® guest lodging facility in Sacramento, California. (Opp'n Br. 2, ECF No. 6). Pursuant to sections 7, 18.3, and Schedule C of the License Agreement, Royal Hospitality was required to make certain periodic payments to Plaintiff for royalties, service assessments, taxes, interest, reservation system user fees and other fees (collectively, "Recurring Fees"). (Compl. ¶ 11, ECF No. 1). Effective as of the date of the License Agreement, Barry provided Plaintiff with a personal guaranty (the "Guaranty") of Royal Hospitality's obligations. (Opp'n Br. 2, ECF No. 6).

On March 2, 2011, Plaintiff advised Royal Hospitality that it was in breach of its financial obligations under the License Agreement based on Defendants' failure to pay the outstanding Recurring Fees. On April 7, 2011, Plaintiff terminated the License Agreement.

The License Agreement contained a forum selection clause (the "Forum Selection Clause") in which Defendants consented and waived any objection to the non-exclusive personal jurisdiction of this Court and venue in this District. (Compl. Ex. A at § 17.6.3, ECF No. 1). The Forum Selection Clause provided:

> You [Royal Hospitality] consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

(Compl. Ex. A at § 17.6.3, ECF No. 1).

On August 6, 2012, Plaintiff filed a multi-count complaint alleging breach of the License Agreement. (Compl. ¶¶ 29-52, ECF No. 1). On October 4, 2012, Defendants filed the instant

motion seeking to dismiss Plaintiff's complaint for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Specifically, Defendants argued that this Court lacks personal jurisdiction over them because Defendants do not have sufficient contacts with the state of New Jersey to support jurisdiction under New Jersey's long-arm statute. Moreover, Defendants argued that laying venue in New Jersey would impede upon Defendants' due process rights. In response, Plaintiff argued that Defendants expressly consented to jurisdiction in this Court in the Forum Selection Clause and, in addition, that Defendants have sufficient contacts with the state of New Jersey to support jurisdiction.

## II. LEGAL STANDARD.

### A. Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2).

Pursuant to Fed. R. Civ. P. 4(e), a district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state where the district court sits. "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir.2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." Id. (citing N.J. Ct. R. 4:4–4(c)). Pursuant to Fed. R. Civ. P. 12(b)(2), a plaintiff must demonstrate by a preponderance of the evidence facts sufficient to support the assertion of personal jurisdiction over a defendant. Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F.Supp.2d 629, 632 (D.N.J.2004) (citing Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir.1992)). "A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff[,]" for purposes of jurisdiction, plaintiff cannot rely on pleadings alone, but instead must provide actual proofs. Id. (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n. 9 (3d 1984)).

"Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id. (citing Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino, 960 F.2d 1217, 1221 (3d Cir.1992)).

"Once challenged, a plaintiff bears the burden of establishing personal jurisdiction." Pro Sports Inc. v. West, 639 F.Supp.2d 475, 478 (D.N.J.2009) (citing General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir.2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation.")). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir.2004); see also Carteret Say. Bank, FA v. Shushan, 954 F.2d 141, 142 n. 1 (3d Cir.1992). "If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1067.6 (3d ed.2002).

B. Forum Selection Clause.

Federal law governs the enforceability of forum selection clauses in cases based on diversity jurisdiction. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). Generally, forum selection clauses are entitled to great weight, and are presumptively valid. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir.), cert. denied, 464 U.S. 938, 104 S. Ct. 349, 78 L.Ed.2d 315 (1983). The Supreme Court has noted that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremem v. Zapata Off-Shore Co., 407 U.S. 1, 9 (1972).

The United States Court of Appeals for the Third Circuit established a general rule to test the validity of a forum selection clause. Under this general rule, a forum selection clause is presumptively valid and enforceable by the forum unless the objecting party establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. Resource Ventures, Inc. v. Resource. Mgmt. Int'l, Inc., 42 F. Supp. 2d 423, 431-32 (D. Del. 1999) (citing Coastal Steel Corp., 709 F.2d at 202).

      C. Venue – Fed. R. Civ. P. 12(b)(3).

Pursuant to Fed. R. Civ. P. 12(b)(3), a district court may dismiss an action for improper venue. See Fed. R. Civ. P. 12(b)(3). A defendant seeking dismissal under Rule 12(b)(3) bears the burden of showing that venue is improper. See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982). In determining whether venue is proper, courts have upheld forum selection clauses as a valid basis for selecting venue. See, e.g., Jumara, 55 F.3d at 880; Ramada Franchise Systems, Inc. v. Saturno Enter., Inc., No. 97-3053, slip. Op. at 5-6 (D.N.J. Oct., 10, 1997); Days Inns Worldwide, Inc. v. Mohammad H. Malik, No. 01-2788, slip. Op. at 4-5 (D.N.J. Oct. 17, 2001).

**III.  DISCUSSION.**

Defendants' arguments that personal jurisdiction and venue are improper conflict with the Forum Selection Clause in the License Agreement. The Forum Selection Clause provided:

> You [Royal Hospitality] consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

(Compl. Ex. A at § 17.6.3, ECF No. 1). Further, pursuant to the Forum Selection Clause, Defendants agreed that the "[License] Agreement will be governed by and construed under the laws of the State of New Jersey . . . ". (Id. at § 17.6.1).

In this district, forum selection clauses are routinely upheld as prima facie evidence that a court has personal jurisdiction over all defendants that are parties to a franchise agreement. See Jackson Hewitt, Inc. v. Barnes Enterprises, No. 10-05108, 2011 WL 1467193 (D.N.J. Apr. 15, 2011) and Jackson Hewitt, Inc. v. Joiner's Tax Group, Inc., No. 11-0664, 2011 WL 2436673 (D.N.J. June 13, 2011). In each of these cases, the Court based its decision on the language of each forum selection clause. Specifically, the Court looked at whether the forum selection clause (i) contained an express provision that conferred personal jurisdiction; (ii) selected the District Court of New Jersey as its forum; and (iii) selected New Jersey law as the governing authority. Barnes, supra, 2011 WL at *2; Joiner's Tax Group, supra, 2011 WL 2436673, at *2. Here, each of these factors is met.

First, the Forum Selection Clause expressly provided that the parties "consent and waive [their] objection to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey[.]" (See Compl. Ex. A ¶ 17.6.3, ECF No. 1). Second, the Forum Selection Clause selected the District Court of New Jersey as the venue in which disputes arising out of the agreement would be adjudicated. (Id.). Finally, the Forum Selection Clause provided that the License Agreement would be governed by New Jersey law. (Id. at § 17.6.1). Therefore, the Forum Selection Clause in the License Agreement is prima facie evidence that this Court has personal jurisdiction over all Defendants.

In addition, this Court finds Defendants' assertion that venue is improper unavailing. The Forum Selection Clause identified New Jersey as the venue, and such selections are routinely

upheld by courts. See, e.g., Jumara, 55 F.3d at 880; Ramada Franchise Systems, Inc. v. Saturn Enter., Inc., No. 97-3053, slip. Op. at 5-6 (D.N.J. Oct., 10, 1997); Days Inns Worldwide, Inc. v. Mohammad H. Malik, No. 01-2788, slip. Op. at 4-5 (D.N.J. Oct. 17, 2001). Moreover, although it is well established that there can be more than one proper venue, Plaintiff made a strong argument that its claims arose in New Jersey. The Court is not unmindful of the difficulties that having to defend in New Jersey may pose for out of state Defendants, but those difficulties are insufficient for the Court to overturn Plaintiff's decision, endorsed by Defendants in the License Agreement, to sue in New Jersey, and to apply New Jersey law.

IV.   **CONCLUSION.**

For the reasons contained herein, it is the recommendation of this Court that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) be **denied.**

　　　　　　　　　　　　　　　　　　　　　　　_____ 2/11/13
　　　　　　　　　　　　　　　　　　　　　　　Joseph A. Dickson, U.S.M.J.

cc.   Honorable Claire C. Cecchi, U.S.D.J.